Robert S. Kirkwood,

*vs.*

John Mitchell, administrator *de bonis non* of John Mitchell, dec'd.

*Sussex, March T.* 1821.

A legatee may file a bill for his legacy against the personal representative of the deceased executor of the testator (the executor having received assets to pay the legacy) without making the administrater c. t. a., d. b. n. of the testator a party.

The deceased executor having left a will and appointed an executrix thereof, who, after taking letters testamentary, died : *Held,* that her personal representative was a necessary party to a bill filed for the legacy against the administrator c. t. a.,d. b. n. of the deceased executor of the testator under whose will the legacy was claimed.

BILL IN EQUITY TO RECOVER A LEGACY.—Alexander Smith, by his will, bequeathed a legacy to Robert S. Kirkwood. The bill was filed by the legatee against the defendant as the administrator *de bonis non* of John Mitchell, dec'd, who in his lifetime was the surviving executor of Alexander Smith, the testator. At the July Term, 1819, a demurrer to the bill was filed, and the following causes of demurrer assigned, viz : 1. That the complainant, did not in his bill set forth that he, the complainant, had sued out administration on the estate of Alexander Smith, the testator ; and, therefore, he hath not entitled himself to receive said legacy. 2. That the complainant could not discharge the defendant of said money if the defendant should pay it, the complainant not being entitled to receive it. 3. That Alexander Smith is dead, and his executor or administrator is not a party to the bill. 4. That the complainant hath a remedy at law.

*Robinson,* for the complainant.

*Cooper* and *Wells,* for the defendants.

THE CHANCELLOR was of opinion* that the legatee might sue in this Court the personal representative of the executor who had received assets of the testator sufficient to pay the legacy.

The demurrer was overruled, and the defendant ordered to answer.

The Chancellor's order was afterwards, at the June

---

*This opinion is not drawn out, nor are the arguments of counsel given in the Chancellor's notes.

Term, 1820, affirmed by the High Court of Errors and Appeals.

---

Afterwards, at March Term, 1821, this cause came again before the Chancellor, for a hearing upon the bill, answer and exhibits. Pending the hearing it appeared that John Mitchell, deceased, who in his lifetime was the surviving executor of Alexander Smith, had made a will appointing his wife, Rhoda Mitchell, the executor thereof; that Rhoda Mitchell had, after taking letters testamentary, died, having made her will and appointed James Windsor and James Wiley her executors :— that they had renounced, and upon their renunciation Nancy Wiley had taken out administration c. t. a., d. b. n. of the said Rhoda. Nancy Wiley was not a party to this bill.

RIDGELY, CHANCELLOR.—The administratrix of Rhoda Mitchell is a necessary party. Rhoda may have paid the debt, which her representatives alone can show ; but it is particularly necessary in this case that her representative should be a party, because John Mitchell devised land to be sold by his executrix, Rhoda, for payment of his debts. She sold the land and ought to account for the proceeds of such sale, to be applied to the payment of this debt, if any thing shall be found due to complainant, unless it should appear that she applied the proceeds to other debts.

Let the cause stand over, with leave to amend the bill by making Nancy Wiley, administratrix,c. t. a.,d. b. n. of Rhoda Mitchell, deceased, a party.